**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MASON G. SKINNER**<br>19 West Main Street, Unit 6<br>Merrimac, Massachusetts 01860<br>Plaintiff<br>v.<br>**LIANG ZHOU, M.D.**<br>WellSpan Orthopedics—Apple Hill<br>25 Monument Road<br>Suites 290 and 250<br>York, Pennsylvania 17403<br>and<br>**WELLSPAN ORTHOPEDICS A/K/A AND ALSO D/B/A WELLSPAN ORTHOPEDICS—YORK A/K/A AND ALSO D/B/A WELLSPAN ORTHOPEDICS—GETTYSBURG A/K/A AND ALSO D/B/A WELLSPAN ORTHOPEDICS—APPLE HILL**<br>45 Monument Road<br>Suite 200<br>York, Pennsylvania 17403<br>and<br>**WELLSPAN MEDICAL GROUP**<br>45 Monument Road<br>Suite 200<br>York, Pennsylvania 17403<br>and<br>**WELLSPAN HEALTH**<br>1001 South George Street<br>York, Pennsylvania 17405<br>Defendants | **NO. ____________________** |

## CIVIL ACTION COMPLAINT AND JURY DEMAND

**NOW COMES** the Plaintiff, Mason G. Skinner, by and through his undersigned attorneys, Ross Feller Casey, LLP, who herein files this Civil Action Complaint and Jury Demand, and brings this civil action sounding in professional (medical) negligence against the above-captioned Defendants.

Plaintiff demands damages in excess of $75,000 (seventy-five thousand dollars) from all Defendants exclusive of fees, interest, and costs, based upon the predicate statements and causes of action set forth herein.

Plaintiff demands a jury trial on all triable issues of fact and law, and states the following:

## PARTIES, JURISDICTION, AND VENUE STATEMENTS

1. Plaintiff, Mason G. Skinner [“Mason”], is an adult citizen and resident of the Commonwealth of Massachusetts, residing therein at 19 West Main Street, Unit 6 , Merrimac, Massachusetts 01860.

2. Defendant, Liang Zhou, M.D. [“Dr. Zhou”] was, at all times material hereto, a duly licensed physician in the Commonwealth of Pennsylvania specializing in the medical specialties of orthopedic surgery and sports medicine.

3. At all times material hereto, Dr. Zhou had an office, site of patient care, and medical practice located at WellSpan Orthopedics—Apple Hill, 25 Monument Road, Suites 290 and 250, York, Pennsylvania 17403.

4. Defendant, WellSpan Orthopedics a/k/a and also d/b/a WellSpan Orthopedics—York a/k/a and also d/b/a WellSpan Orthopedics—Gettysburg a/k/a and also d/b/a WellSpan Orthopedics—Apple Hill ["WellSpan Orthopedics"] is a medical group, practice association, professional corporation, business association, or fictitious name associated or affiliated with WellSpan Health and registered with the Commonwealth of Pennsylvania Department of State.

5. At all times material hereto, WellSpan Orthopedics had as its employee or actual or ostensible agent Dr. Zhou.

6. WellSpan Orthopedics is located at, among other places, 45 Monument Road Suite 200 York, Pennsylvania 17403.

7. Defendant, WellSpan Medical Group was, at all times material hereto, registered as a domestic nonprofit corporation with the Commonwealth of Pennsylvania Department of State which, at all times material hereto, had as its employee or actual or ostensible agent Dr. Zhou.

8. WellSpan Medical Group is located at 45 Monument Road Suite 200 York, Pennsylvania 17403.

9. Defendant, WellSpan Health was, at all times material hereto, registered as a domestic nonprofit corporation with the Commonwealth of Pennsylvania Department of State which, at all times material hereto, had as its employee or actual or ostensible agent Dr. Zhou.

10. WellSpan Health is located at 1001 South George Street York, Pennsylvania 17405.

11. This Court has jurisdiction over this matter pursuant to *28 U.S. Code § 1332* (Diversity of citizenship; amount in controversy; costs).

12. The amount in controversy exceeds $75,000 (seventy-five thousand dollars) exclusive of costs and fees.

13. Venue is properly laid in the Harrisburg Division of the United States District Court for the Middle District of Pennsylvania pursuant to *28 U.S. Code § 1391(b)(2)* because "a substantial part of the events or omissions giving rise to the claim occurred" in York, Pennsylvania.

## PREDICATE STATEMENTS

14. Plaintiff fully incorporates by reference the preceding paragraphs of this Civil Action Complaint and Jury Demand as though fully set forth herein.

15. On February 19, 2026, Mason, then 18-year-old, presented for evaluation by Dr. Zhou with the Chief Complaint of "Left medial elbow pain and instability."

16. At the time of presentation, Mason related the following History of Present Illness to Dr. Zhou as follows:

> The patient presents for evaluation of an elbow injury. He sustained the injury approximately a month ago during a wrestling match when his opponent's foot made contact with his side, causing a valgus load to his elbow. He did not experience a popping sensation at the time of the incident but was immediately aware of a sharp pain. Since the injury, he has been experiencing persistent discomfort in the affected elbow as well as instability. He is right-handed. He expresses a desire for his elbow to fully recover before resuming his wrestling activities. He also mentions that he will be returning home in 2 weeks and is considering scheduling another appointment in his hometown as a local second opinion for closer follow-up.

17. On March 12, 2026, Mason again was evaluated by Dr. Zhou for the diagnosis of a left ulnar collateral ligament ["UCL"] tear. By that time, Dr. Zhou had scheduled Mason's left UCL reconstruction surgery.

18. On March 12, 2026, Dr. Zhou performed a preoperative physical examination on Mason, including a focused musculoskeletal examination of the left elbow. At that time, a neurologic assessment of Mason by Dr. Zhou demonstrated the following: "Sensation is intact to the median/radial/ulnar nerve distributions. Fires AIN[1]/PIN[2]/median/ulnar nerves. Brisk capillary fill all digits, 2+ radial pulse."

19. On April 1, 2026, Dr. Zhou performed a "Left elbow ulnar collateral ligament reconstruction with palmaris autograft and suture tape augmentation" on Mason for the pre- and postoperative diagnosis of "Tear of ulnar collateral ligament of elbow, left, initial encounter."

20. Postoperatively, Mason experienced numbness in his thumb and first fingers of his left upper extremity.

[1] AIN = Anterior Interosseus Nerve, which is a terminal motor branch of the median nerve in the forearm.
[2] PIN = Posterior Interosseus Nerve, which is a motor branch of the radial nerve in the forearm.

21. An electromyography (EMG) study performed on May 6, 2026, interpreted by WellSpan physician Albert W. Heck, M.D. ["Dr. Heck"], demonstrated the following findings:

> Left median motor response cannot be obtained. Left ulnar motor response is normal. Left median orthodromic sensory response cannot be obtained. Left ulnar and radial orthodromic sensory responses are normal. Palmar sensory responses are attempted and the median response is not obtainable. The ulnar palmar sensory amplitude is normal while the latency was delayed. Needle examination of 7 muscles in the left upper extremity, as documented in the data sheet, is remarkable for positive sharp waves and fibrillation potentials present in the abductor pollicis brevis. No motor units were seen to be activated at this time in the APB, the remainder of the muscle study being unremarkable.

22. Based on his interpretation of the EMG study, Dr. Heck concluded the following:

> This study demonstrates is [sic] severe median neuropathy which appears to be subacute and would be consistent with distal involvement at the wrist. There is active denervation in the abductor pollicis brevis with an inability to appreciate activation of voluntary motor units at this time. There is also mild delay in the ulnar palmar sensory response noted of uncertain significance. The remainder the study is unremarkable. Pending his clinical course, repeat study in several months may yield additional information.

23. Mason sought a second opinion regarding his postoperative clinical course following the April 1, 2026 surgical procedure performed by Dr. Zhou and the results of the EMG.

24. On May 14, 2026, Joshua Pletka, M.D. [“Dr. Pletka”], a board-certified orthopedic surgeon with subspeciality board certification in hand surgery practicing at the Northeast Orthopedic Alliance in Salem, New Hampshire, evaluated Mason for “Injury of median nerve at forearm level.”

25. At that visit, Dr. Pletka noted, among other things:

> 18-year-old right-hand-dominant male status post left ulnar collateral ligament reconstruction with palmaris tendon autograft on April 1, 2026 by his surgeon in Pennsylvania. His exam is extremely concerning for median nerve injury. He did have a nerve conduction study done which showed no responses in the median nerve and no motor recruitment in the abductor pollicis brevis. While it is theoretically possible that he has acute carpal tunnel syndrome, I am certainly more concerned for an iatrogenic median nerve injury. Patient would benefit from exploration of his forearm incision to ensure the median nerve is in continuity as well will [sic] as open carpal tunnel release and exploration of Guyon's canal to assess his ulnar nerve as appropriate. Patient would like to proceed. Will schedule this as soon as possible as it has already been 6 weeks. Potential for possible nerve repair, nerve graft, nerve conduits all were discussed in detail. This is a major operation that is of a relatively urgent nature and has significant potential

> consequences in terms of his outcome and functional recovery.

26. On May 19th, 2026, Dr. Pletka performed an exploratory procedure at the site of the surgery originally performed by Dr. Zhou and found that the median nerve and the palmaris longus tendon had been removed. Dr. Pletka performed a median nerve reconstruction using a sural nerve graft harvested from Mason's leg.

27. On June 6, 2026, Dr. Pletka evaluated Mason during a postoperative follow-up office visit, and noted the following:

> 18-year-old right-hand-dominant male status post previous ulnar collateral ligament reconstruction in Pennsylvania within advertent iatrogenic median nerve harvest possibly in addition to or rather than palmaris longus tendon. He is now status post cable grafting with sural nerve from his left lower extremity to reconstruct the median nerve deficit in the left forearm and wrist. Patient informed that operative findings demonstrated absence / discontinuity of the median nerve at the prior surgical site. Findings and reconstructive procedure reviewed. Prognosis and expected recovery discussed. Patient's questions answered. I recommended he go to occupational therapy to have a dorsal blocking splint fabricated and follow-up with me in 4 weeks to reassess. Occupational therapy will commence at this point.

28. Mason continues to experience ongoing neurologic deficit and injury in his left upper extremity caused by the iatrogenic injury to his left

median nerve which occurred during the surgery performed by Dr. Zhou on April 1, 2026, at WellSpan Health.

29. Mason claims all cognizable economic and noneconomic damages and claims for relief cognizable and recoverable under Pennsylvania law.

**COUNT I—NEGLIGENCE**
**Plaintiff v. All Defendants**

30. Plaintiff fully incorporates by reference the preceding paragraphs of this Civil Action Complaint and Jury Demand as though fully set forth herein.

31. The negligent acts and omissions of Dr. Zhou during the performance of the "Left elbow ulnar collateral ligament reconstruction with palmaris autograft and suture tape augmentation" on Mason on April 1, 2026, at WellSpan Health consisted of one or more of the following:

a. Dr. Zhou failed to adequately and appropriately identify and protect from injury and harm the median nerve;

b. Dr. Zhou removed the median nerve, either together with or independent of the palmaris

longus tendon graft, for use in the ulnar collateral ligament reconstruction; and

c. Dr. Zhou deviated from accepted standards of care by removing or causing grave injury to the median nerve during the surgical reconstruction procedure by failing to appropriately identify and preserve the median nerve and protect it from injury or resection;

d. the resection and removal of the median nerve such as occurred during Mason's surgery by Dr. Zhou does not occur absent surgical negligence; and/or

e. Dr. Zhou failed to meet the acceptable standard of care during the performance of Mason's surgery on April 1, 2026.

32. WellSpan Orthopedics a/k/a and also d/b/a WellSpan Orthopedics—York a/k/a and also d/b/a WellSpan Orthopedics—Gettysburg a/k/a and also d/b/a WellSpan Orthopedics—Apple Hill; and WellSpan

Medical Group; and WellSpan Health are derivatively and vicariously liable for the negligent acts and omissions of their employee, agent, and/or servant, Dr. Zhou, under theories of *respondeat superior*, actual and ostensible agency, and master-servant.

**WHEREFORE,** Plaintiff, Mason G. Skinner, herein demands damages against all Defendants for an amount in excess of $75,000 (seventy-five thousand dollars) exclusive of fees, interest and costs.

**ROSS FELLER CASEY, LLP**
***Attorneys for Plaintiff***

By: */s/ Robert Ross*
ROBERT ROSS, ESQUIRE
robert.ross@rossfellercasey.com

By: */s/ Mark A. Hoffman*
MARK A. HOFFMAN, ESQUIRE
mark.hoffman@rossfellercasey.com

One Liberty Place
1650 Market Street, Suite 3450
Philadelphia, Pennsylvania 19103
215-574-2000 (main telephone)
215-574-3080 (fax)

Date: October 7, 2026